UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SINGH et al.

                Plaintiffs,

-against-

PELICAN MANAGEMENT INC., et al.

                Defendants.

**OPINION & ORDER**

23-CV-10284 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Paul Anthony Singh and Eliot Kaca ("Plaintiffs") commenced this action on November 22, 2023, against Pelican Management, Inc., Harbor One Company, LLC, and Phillip Goldfarb ("Defendants"). (Doc. 1, "Compl."). Plaintiffs alleged, among other things, that Defendants permitted Plaintiffs to work more than 40 hours per week without paying Plaintiffs appropriate premium overtime pay in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defendants filed their answer on February 5, 2024. (Doc. 10).

    Pursuant to the Court's order, discovery was scheduled to close on September 13, 2024. (Doc. 13). However, on June 14, 2024, Defendants served each Plaintiff with separate offers of judgment under Federal Rule of Civil Procedure 68 ("Offers of Judgement"). (Doc. 21-3, "Fees Br." at 5).[1] Plaintiffs accepted Defendants' Offers of Judgment on June 28, 2024. (Docs. 15-18). On July 1, 2024, the Court so-ordered the Offers of Judgment. (Docs. 19, 20).

    On July 10, 2024, Plaintiffs filed a motion for legal fees and costs. (Doc. 21; Doc. 21-1, "Pl. Decl."; Doc. 21-2, "Pl. Decl., Ex. 1"; Fees Br.). Defendants opposed the motion on July 23,

---

[1] Citations to specific pages of court filings on the docket correspond to the pagination generated by ECF.

2024 (Doc. 23, "Opp'n"),[2] and it was fully briefed with the filing of Plaintiffs' reply on July 30, 2024 (Doc. 24, "Reply").[3]

For the reasons set forth below, that request for attorneys' fees and costs in the amount of $13,052.00[4] is GRANTED.

## BACKGROUND

Defendants operate a residential rental company. (Compl. ¶¶ 20-27). Plaintiff Singh was employed by Defendants as a Superintendent from in or about July 2022 through July 2023; Plaintiff Kaca was employed by Defendants as a Superintendent from in or about November 2020 through October 2023. (*Id*. ¶¶ 7, 11). Plaintiffs' duties included, among other things, meeting with maintenance staff in the morning, performing boiler inspections, and completing work orders. (*Id.*). Defendants, as alleged, failed to pay Plaintiffs for overtime. (*Id*. ¶ 30). More specifically, Defendants allegedly failed to pay Plaintiffs pay at the rate of time and one half for hours worked in excess of 40 hours per week. (*Id.*). Plaintiff also alleged that Defendants failed to furnish them with wage notices and statements in violation of NYLL. (*Id*. ¶¶ 31-34).

---

[2] The docket sheet incorrectly shows Defendants' opposition as a pending motion. The Clerk of Court will be directed to terminate this motion sequence.

[3] Both Plaintiffs and Defendants filed sur-reply submissions. (Doc. 25 (Defendants' sur-reply); Doc. 26 (Plaintiffs' "sur-sur-reply")). The docket sheet shows Defendants' sur-reply submission as a pending motion. To the extent Defendants seek leave to file a sur-reply, that request is denied. Because the Court did not authorize either party to file a sur-reply, the Court will not consider these submissions.

[4] Plaintiffs, in their briefing, appear to make several computational and/or typographical errors. With respect to the Fees Brief, Plaintiffs assert that their motion seeks $13,052 in fees *and* $402 in expenses, bumping up the total award to $13,454. (Fees Br. at 13). But that amount is more than the award requested in Plaintiffs' counsel's declaration: a total award of $13,052. (Pl. Decl. at 3). A $13,454 award is also inconsistent with Plaintiffs' counsel's timesheet, which tabulates to $12,650.00 in fees and $402 in expenses. (*See generally* Pl. Decl., Ex. 1). As for the Reply, Plaintiffs assert, for the first time, that their motion seeks $13,602 in fees. (Reply at 8). That amount is unmoored from Plaintiffs' counsel's timesheet.

As discussed *supra*, Plaintiffs accepted Defendants' Offers of Judgment before the close of discovery. (Docs. 15-20). Pursuant to the Offers of Judgment, Plaintiff Kaca received $10,238.60 exclusive of costs, disbursements, and attorneys' fees to date (Docs. 16, 20); and Plaintiff Singh received $7,952.02 exclusive of costs, disbursements, and attorneys' fees to date (Docs. 18, 19). As such, the sole remaining issue between the parties is the amount of the attorneys' fees sought by Plaintiffs' counsel.

Plaintiffs' counsel, a solo practitioner with substantial experience in labor and employment law, requests a rate of $550 per hour. (Pl. Decl. ¶¶ 2, 8). With respect to hours worked, between September 24, 2023 and November 22, 2023 (*i.e.*, from counsel's first encounter with Plaintiffs through the Complaint's filing), counsel billed approximately 3.8 hours. (Pl. Decl., Ex. 1 at 2). From November 23, 2023 through June 28, 2024 (*i.e.*, the commencement of the action through the acceptance of the Offers of Judgment), counsel billed approximately 17.2 hours. (*Id.* at 2-4). Finally, from July 8, 2024 until July 10, 2024 (*i.e.*, filing the instant motion), counsel billed approximately 2.0 hours. (*Id.* at 4). Together, Plaintiffs' counsel billed 23 hours.[5]

Plaintiffs' counsel seeks $12,650.00 in fees and $402 for expenses incurred during the action, for a total requested award of $13,052.00. (*See generally id.*).

## STANDARD OF REVIEW

The FLSA instructs that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant . . . ." 29 U.S.C. § 216(b). The NYLL likewise provides that a prevailing employee may recover "reasonable

---

[5] The Court notes that Plaintiffs' counsel's timesheet appears to have a computation error: it incorrectly tabulates the total hours as 22.5, instead of the actual total of 23 hours worked.

3

attorney's fees." *See* N.Y. Lab. Law §§ 198(1-a), (1-d); *see also Francois v. Mazer*, 523 F. App'x 28, 29 (2d Cir. 2013) ("Reasonable attorney's fees and costs are awarded as a matter of right to a prevailing plaintiff in an action under the FLSA or NYLL.").[6] Because Plaintiffs were the prevailing party on their FLSA and NYLL claims, they are entitled to an award of reasonable attorneys' fees. *See Black v. Nunwood, Inc.*, No. 13–CV–07207, 2015 WL 1958917, at *2 (S.D.N.Y. Apr. 30, 2015) ("The offer of judgment in this case establishes that [plaintiff] is the prevailing party under the FLSA and the NYLL.").

"[T]he burden of proving the reasonableness and the necessity of the hours spent and the rates charged" rests with the party seeking payment. *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-03942, 2021 WL 1193144, at *1 (E.D.N.Y. Mar. 29, 2021). While determining the reasonable fee in any specific scenario is a matter of discretion for the Court, "[t]he Supreme Court and Second Circuit have held that 'the lodestar—the product of a reasonable hourly rate and the reasonable hours required by the case—creates a presumptively reasonable fee.'" *Garcia-Severino v. TDL Restoration, Inc.*, No. 18-CV-11401, 2020 WL 7239678, at *1 (S.D.N.Y. Dec. 9, 2020) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010) (explaining that "the lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case" (emphasis in original)). A proper fee request includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Picorelli v. Watermark*

---

[6] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

*Contractors Inc.*, No. 21-CV-02433, 2022 WL 2386761, at *4 (S.D.N.Y. July 1, 2022) (citing *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y 2015)). !

## ANALYSIS

Plaintiffs' counsel asserts a lodestar value of $12,650.00, a product, according to Plaintiffs' counsel, of 22.5 hours billed at a $550 hourly rate. (Pl. Decl., Ex. 1; Fees Br. at 8-10). However, the requested hourly rate, albeit palatable in the private sector for someone of the Plaintiff's counsel's experience and expertise, is above the reasonable rate authorized by courts in this type of case in the Southern District of New York. The Court will therefore adjust the hourly rate and lodestar calculation in light of the contemporaneous time records submitted by Plaintiffs.

I.   Attorneys' Fees

A.   Hourly Rates

Courts consider, in determining what a "reasonable fee" is, "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008); *see also Ramirez v. Marriott Int'l*, No. 20-CV-02397, 2023 WL 2447398, at *4 n.4 (S.D.N.Y. Mar. 10, 2023). To determine such a fee, courts consider factors like "the complexity and difficulty of the case," "the resources required to prosecute the case effectively," "the timing demands of the case," and "whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself." *Arbor Hill*, 522 F.3d at 184. The rate must be "in line with [rates] prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." *Cruz v. Loc. Union No. 3 of Int'l Bhd. Of Elec. Workers*, 34 F.3d 1148, 1159 (2d Cir. 1994) (quoting *Blum v. Stenson*, 465 U.S. 886, 896

5

n.11 (1984) (alteration in original)); *see also Picorelli*, 2022 WL 2386761 at *5 ("[T]he Court must determine the reasonable hourly rate by considering the 'prevailing market rate for lawyers in the district in which the ruling court sits.'" (quoting *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012))). "In this district, courts generally award experienced wage-and-hour attorneys between $300 and $400 per hour." *E.g.*, *id.* (collecting cases); *Ortega v. Frozen Deli & Grocery Inc.*, No. 24-CV-01231, 2024 WL 4751732, at *13 (S.D.N.Y. Oct. 22, 2024), *adopted by*, 2024 WL 4859055 (S.D.N.Y. Nov. 21, 2024); *see also Chuk On Chan v. Good Chows Inc.*, 2017 WL 9538901, at *7 (S.D.N.Y. Mar. 3, 2017) ("Courts in this District have determined that a fee ranging from $250 to $450 per hour is appropriate for experienced civil rights and employment law litigators.").

Plaintiffs' counsel seeks an hourly rate above the generally prevailing rate within this district: $550 per hour. (Pl. Decl. ¶ 8). Yet Plaintiff's counsel forthrightly acknowledges that other courts in this district have awarded him up to $450 per house. *See Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-06667, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) (reducing Plaintiff's counsel's requested hourly rate because it was "higher than the norm" for "wage-and-hour cases" in this district, and the counsel had not "historically been awarded such an hourly rate").

Plaintiffs' counsel, aside from citing a few outlier cases, offers no reason why he should be awarded an above-market rate in this case. Indeed, this case is a rather straightforward, overtime case that settled before discovery closed. There were no complex or novel issues; and the total time spent amounted to 23 hours. *See Smith v. Digital Soc. Retail, Inc.*, No. 18-CV-06602, 2019 WL 5450397, at *3 (S.D.N.Y. Oct. 24, 2019) ("[Counsel] has not shown there is a meaningful

6

distinction between his prior cases and the instant one so as to warrant now granting [counsel's requested] rate"). Indeed, the "simplicity of this case" cuts in favor of a reduction in counsel's hourly rate. *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234, 2016 WL 4704917, at *20 (S.D.N.Y. Sept. 8, 2016), *adopted by*, 2016 WL 6879258 (S.D.N.Y. Nov. 21, 2016). So does the fact that the Offers of Judgement were reached within a short time with "little discovery ha[ving] taken place." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-08216, 2020 WL 5894603, at *6 (S.D.N.Y. Oct. 5, 2020).

Accordingly, the Court, in its discretion, reduces Plaintiffs' requested hourly rate and will instead apply the upper end of the hourly range within this district for wage-and-hour attorneys, $450, to the hours billed by Plaintiffs' counsel. The $450 per-hour rate is within the bounds of reasonableness for an attorney with more than 30 years of experience (Pl. Decl. ¶ 3) and tracks awards that Plaintiffs' counsel has received from other courts in this district. *See Tung v. Jade Spoon Asian Cuisine Inc.*, No. 21-CV-10651, 2022 WL 1315612, at *4 (S.D.N.Y. May 3, 2022); *Tung*, No. 21-CV-10651, Doc. 26.

    B. <u>Hours Expended</u>

"An application for attorney's fees must include 'contemporaneous time records' that specify 'the date, the hours expended, and the nature of the work done.'" *Guzman v. Primo Installation, Inc.*, No. 18-CV-07226, 2022 WL 3230095, at *17 (S.D.N.Y. June 8, 2022) (quoting *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)), *adopted by*, 2022 WL 3229219 (S.D.N.Y. Aug. 10, 2022). A court's task, in reviewing these records, is to make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Lunday v. City of Albany*,

7

42 F.3d 131, 134 (2d Cir. 1994). Plaintiffs' counsel's timesheet, filed in connection with the motion, reflects 23 hours worked on this action. (*See generally* Pl. Decl., Ex. 1). The descriptions in the time records are detailed. There is no duplication of effort and no block billing. The work reflected in the time sheet was necessary and effectively done. Defendants do not challenge any of the entries on this timesheet, and the hours spent are reasonable.

Accordingly, no reduction is warranted to Plaintiffs' counsel's hours billed.

C. <u>Defendants' Arguments</u>

The crux of Defendants' opposition is that Plaintiffs' requested fee amount is "excessive" in light of the accepted Offers of Judgment. (Opp'n at 1). Defendants urge the Court to reduce Plaintiffs' fee award to thirty (30%) percent but no more than one-third (1/3) of the sums Plaintiffs received, which, Defendants assert, is the "customar[y] award" by courts within this district. (*Id.*).

The purported "customar[y]" one-third rate is not in line with the recognition that lodestar awards of attorneys' fees support the benign policies behind the attorneys' fees provision contained in the FLSA and NYLL. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) ("A proportionality rule would also be inconsistent with the remedial goals of the FLSA, which we have deemed a uniquely protective statute."); *see also Millea v. Metro-N. R. Co.*, 658 F.3d 154, 169 (2d Cir. 2011) ("The whole purpose of fee-shifting statutes is to generate attorneys' fees that are *disproportionate* to the plaintiff's recovery." (emphasis in the original)). The Court therefore rejects Defendants' argument that a 30% or one-third contingency fee is appropriate in these cases.

In accordance with the foregoing, accounting for the reduction in Plaintiffs' counsel's hourly rate and the resulting lodestar calculation, the Court awards Plaintiffs a reasonable attorneys' fee in the amount of $10,350.00 (23 hours x 450 per hour).

II.   Costs

Plaintiffs seek $402 in costs, which reflects the filing fee. (Fees Br. at 10, 13); *cf. Chen v. Hunan Manor Enter., Inc.*, No. 17-CV-00802, 2024 WL 2140119, at *10 (S.D.N.Y. May 14, 2024) ("[T]he Court may take judicial notice of the fee reflected on the docket sheet."), *adopted by*, 2024 WL 3454751 (S.D.N.Y. July 18, 2024). "Such costs are generally recoverable." *E.g.*, *Gomez v. NYHS Design Inc.*, No. 20-CV-04174, 2022 WL 4284143, at *11 (S.D.N.Y. Sept. 16, 2022), *adopted by*, 2022 WL 6175174 (S.D.N.Y. Oct. 6, 2022).

Accordingly, Plaintiffs' request for $402 in costs is granted.

## CONCLUSION

Plaintiffs' request for attorneys' fees and costs is GRANTED. Plaintiffs' counsel is awarded $10,350.00 in attorneys' fees along with $402.00 in costs for a total recovery of $10,752.00.

The Clerk of the Court is respectfully directed to (1) terminate the motions pending at Doc. 21, Doc. 23, and Doc. 25; and (2) close this case.

Dated:  White Plains, New York
        January 13, 2025

SO ORDERED:

_____
PHILIP M. HALPERN
United States District Judge